

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 19-186 |
| CHRISTOPHER A. SENNETT | [UNDER SEAL] |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Carolyn J. Bloch, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a four-count Indictment against the above-named defendant for the following alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity<br>From on or about December 16, 2013 to on or about August 10, 2014 | 18 U.S.C. § 2422(b) |
| 2,3 | Distribution of Material Depicting the Sexual Exploitation of a Minor<br>On or about June 17, 2018, at approximately 17:09:17 UTC and approximately 17:19:38 UTC | 18 U.S.C. § 2252(a)(2) |
| 4 | Possession of Material Depicting the Sexual Exploitation of a Minor<br>On or about September 26, 2018 | 18 U.S.C. § 2252(a)(4)(B) |

## II. ELEMENTS OF THE OFFENSES

### A. As to Count 1:

In order for the crime of Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity, in violation of Title 18, United States Code, Section 2422(b), to be established, the United States must prove all of the following elements beyond a reasonable doubt:

1. That the defendant used the mail or any facility or means of interstate or foreign commerce; and

2. That the defendant knowingly persuaded, induced, enticed, or coerced any individual who had not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense, or attempted to do so.

Title 18, United States Code, Section 2422(b).

### B. As to Counts 2 and 3:

In order for the crime of Distribution of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2252(a)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly distributed a visual depiction of a minor in interstate or foreign commerce or using an instrument of interstate commerce, by any means including by cellular telephone and computer, or through the United States mail.

Title 18, United States Code, Section 2252(a)(2); United States v. X-Citement Video, 115 S.Ct. 464 (1994); United States v. Gallardo, 915 F.2d 149 (5th Cir. 1990).

2. That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

Title 18, United States Code, Section 2252(a)(2); United States v. McCormick, 675 F.Supp. 223 (M.D. Pa. 1987), United States v. X-Citement Video, 115 S.Ct. 464 (1994).

    3.    That the visual depiction is of such conduct.

Title 18, United States Code, Section 2252(a)(2).

**C. As to Count 4:**

In order for the crime of Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Section 2252(a)(4)(B), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant knowingly possessed one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct.

Title 18, United States Code, Section 2252(a)(4)(B).

    2.    That the item, which contained the visual depiction, had been mailed, transported or shipped in interstate or foreign commerce, or had been produced using materials, which had been mailed, transported, or shipped, in interstate or foreign commerce.

Title 18, United States Code, Section 2252(a)(4)(B).

    3.    That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

Title 18, United States Code, Section 2252(a)(4)(B).

### III. PENALTIES

**A. As to Count 1: Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity (18 U.S.C. § 2422(b)):**

1. Imprisonment of not less than ten (10) years and up to life, 18 U.S.C. § 2422(b);

2. A fine of not more than $250,000.00, 18 U.S.C. § 3571(b)(3);

3. A term of supervised release of not less than five (5) years and up to life, 18 U.S.C. § 3583(k); and

4. Any or all of the above.

**A. As to Counts 2 and 3: Distribution of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. § 2252(a)(2)):**

1. Imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than 15 years nor more than 40 years;

2. A fine of $250,000.00 (18 U.S.C. § 3571(b)(3));

3. A term of supervised release of at least 5 years, and up to life (18 U.S.C. § 3583(k));

4. Any or all of the above.

**C. As to Count 4: Possession of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. § 2252(a)(4)(B)):**

1. Imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years

4

of age, the defendant shall be fined under this title and imprisoned for not more than 20 years, or if the defendant has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10) or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than 10 years nor more than 20 years.

2. A fine of $250,000.00 (18 U.S.C. §3571(b)(3)).

3. A term of supervised release of at least 5 years, up to life (18 U.S.C. §3583(k)).

4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

With respect to each of Counts Two through Four of the Indictment, an additional special assessment of $5,000.00 must be imposed, as each of the offenses was committed after May 29, 2015, and are offenses located within Chapters 110 and 117 of Title 18, United States Code. 18 U.S.C. § 3014(a).

## V. RESTITUTION

Restitution may be ordered in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A and 2259.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

CAROLYN J. BLOCH
Assistant U.S. Attorney
PA ID No. 53430